UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued November 14, 2006
Decided November 17, 2006

Before

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

No. 05-4452

CLIFFORD I. OSUJI,
    *Plaintiff-Appellant*,

*v.*

CITY OF CHICAGO, ILLINOIS,
    *Defendant-Appellee*.

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 02 C 4199
Blanche M. Manning,
*Judge*.

**Order**

Clifford Osuji was employed for about nine months as an operations research analyst in Chicago's Police Department. He accused the City of race and national origin discrimination; a jury rendered a verdict in the City's favor on these issues. Osuji also contended that the City had retaliated against him for attempting to protect his right to be free of discrimination. On that subject the district court granted summary judgment in the City's favor before trial. Osuji's appeal is limited to his retaliation theory.

According to Osuji, the City retaliated in two ways: first by denying his repeated requests for a higher salary after he became eligible for a raise (once he had completed six months' service), and second by firing him in March 2000. These are the same decisions that the jury found to have been made without regard to Osuji's race (black) or national origin (Nigeria). The district judge rightly concluded that the employer's decisions could not possibly have been retaliatory.

Osuji did not file a written complaint about discrimination until March 20, 2000, three days after Barbara McDonald (the only person accused of discrimination or retaliation) told Osuji that she was going to have him fired for persistent poor performance. Osuji insists on this appeal that the existence of documents dated before March 20 and starting the bureaucratic process that led to his discharge does not prove that these documents were prepared before he made a charge of discrimination; perhaps they were prepared later and backdated. True enough; *maybe* they were backdated. But a plaintiff bears the burden of persuasion, and Osuji did not produce any evidence that any document had been backdated.

That leaves Osuji's argument that in October 1999 he complained orally to Deborah Pascua and that McDonald did him in after getting wind of this complaint. One problem with this contention, the district judge concluded, is that Osuji did not complain to Pascua about race or national-origin discrimination. Another is that the record would not permit a reasonable trier of fact to determine that McDonald ever learned about the conversation. (Pascua works in the City's Office of Legal Affairs, outside McDonald's statistical-analysis group in the Police Department.) The first of these suffices to support summary judgment, so we need not consider the second.

Osuji testified by deposition that in October 1999 (and some later occasions) he complained to Pascua about "McDonald's treatment" of him—but even by his own accounts at the deposition these complaints did not accuse McDonald of discrimination. Instead Osuji told Pascua that he lacked adequate support staff and that co-workers had been rude and unprofessional. Complaints of this kind have nothing to do with race or national origin and thus are outside the scope of Title VII. See, e.g., *Gleason v. Mesirow Financial, Inc.*, 118 F.3d 1134, 1147 (7th Cir. 1997). For her part, Pascua testified by deposition that she could not remember any complaint about discrimination (as opposed to other workplace grievances) that Osuji made to her. The admissible evidence in the record therefore would not allow a jury to find in Osuji's favor.

Osuji's other arguments have been considered but do not require discussion.

AFFIRMED